IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.                                                            CAUSE NO. 3:21-CR-47-CWR-LGI-1

ANTONIO DERON WALLACE                                                            DEFENDANT

**ORDER**

Before the Court is Defendant Antonio Deron Wallace's motion to revoke or amend the Magistrate Judge's detention order. Docket No. 21. The Government opposes relief. Docket No. 22.

**I.      Factual and Procedural History**

In this case, Wallace is charged with enticement of a minor in violation of 18 U.S.C. § 2422(b) and sexual abuse of a minor or ward in violation of 18 U.S.C. § 2243(a). Docket No. 3-1.

On June 7, 2021, Magistrate Judge LaKeysha Greer Isaac ordered Wallace detained in the custody of the U.S. Marshals Service pending trial. Judge Isaac cited several reasons for her determination: the presumption against release given the nature of the charged offenses, the weight of evidence against Wallace, the length of incarceration he will have to serve if convicted, his prior criminal history, participation in criminal activity while on supervised release, prior failure to appear, and prior violations of supervised release. *See* Docket No. 26; *see also* Docket No. 23 at 14. The present motion followed.

**II.     Legal Standard**

Pursuant to 18 U.S.C. § 3145(b), upon motion of the defendant, a district court may review a Magistrate Judge's detention order. In doing so, "the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United*

*States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992) (citation omitted). "Reviewing a transcript of the detention hearing is an appropriate procedure to comply with that obligation." *United States v. Faulkner,* No. 3:09-CR-249-D2, 2010 U.S. Dist. LEXIS 38397, at *1 n.2 (N.D. Tex. Apr. 19, 2010); *see also United States v. Jordan,* No. 3:18-CR-67-CWR-LGI-2, 2021 U.S. Dist. LEXIS 49677, at *9 (S.D. Miss. Mar. 17, 2021).

There are several factors the court should consider in determining whether there are conditions of release that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). These include:

1. the nature and circumstances of the offense charged, including whether the offense involves a minor victim;
2. the weight of the evidence against the person;
3. the history and characteristics of the person, including the person's character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
4. the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.*; *see also Rueben*, 974 F.2d at 586.

Certain offenses, enumerated in 18 U.S.C. § 3142(e)(3), give rise to a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community.

**III.    Discussion**

Precedent calls for a *de novo* review of the Magistrate Judge's detention order. In accordance with 18 U.S.C. § 3142(g), this Court will discuss each factor in turn.

First, the offense charged involves a minor victim. Thus, pursuant to 18 U.S.C. § 3142(e)(2)(A), the nature and circumstances of the offense charged give rise to a rebuttable presumption that Wallace be detained until trial.

Second, as to the weight of the evidence, an FBI agent testified that the case against Wallace involves witness testimony and physical evidence. The witness testimony is that of the victim. The physical evidence consists of messages between Wallace and the victim obtained directly from Facebook. The weight of the evidence against Wallace is strong; they directly corroborate the allegations against Wallace. This counsels in favor of detaining Wallace.

Third, Wallace's history and characteristics weigh against his release. Wallace represented that he has lived in the same community his entire life and worked for the same employer for over 18 years. Although ties to the community and employment stability mitigate his flight risk, they are dwarfed by other troubling evidence in the record. The evidence includes that Wallace had sex with a child victim when the victim, a cousin, was 13 years old and he at least 30.  Additionally, a probation officer testified that while interviewing Wallace, she asked whether he had a prior criminal history and he responded in the negative. Upon his criminal history check, however, the probation officer learned that that representation was untrue. Indeed, Wallace has been convicted of nearly identical crimes to the present offense charged. Further, he has a history of non-compliance with court orders, including a failure to register as a sex offender and failure to appear. At the time of his arrest, moreover, he also had an outstanding arrest warrant for distinct, but similar conduct.

Finally, Wallace's release poses danger to the victim and community. The FBI agent present at the hearing also testified about threatening and harassing text messages sent to the victim's immediate family members. Those messages called the child victim derogatory names, and generally consisted of degrading remarks. Despite the use of a spoofing application to mask the phone number of the sender, the messages were traced back to Wallace. The behavior does not help Wallace in his present attempt to be returned to the community that he shares with the victim and the victim's family. Further, it demonstrates that conditions such as home confinement and other alternatives are not apt to reduce the danger posed by his release.

Based on the Court's review of the hearing transcript and the exhibits submitted therewith, Wallace has not rebutted the presumption that he should remain detained. In fact, each of the four factors underscore that Wallace is not an appropriate candidate for release.

In his motion to revoke or amend, Wallace cites to concerns regarding the serious risks COVID-19 presents to incarcerated people. The Government, in opposition, cites to mitigation steps taken by the Madison County Detention Center—the facility presently housing Wallace.

This Court is well-aware of the danger COVID-19 poses, particularly to incarcerated persons. In *United States v. Tarvin*, No. 3:12-CR-83-CWR-LGI-1, 2021 U.S. Dist. LEXIS 179702, at *5 (S.D. Miss. Sept. 21, 2021), the undersigned noted that "COVID-19 transmission rates and outcomes in carceral settings remain alarming . . . . Far too often, however, individuals, including prison personnel charged with safeguarding prisoners, refuse to abide by such precautions." The Court is particularly concerned with a lack of a staff mask requirement at the Madison County Detention Center. Still, this cannot and does not change this Court's decision today.

Risks concerning COVID-19 are not an avenue for release under 18 U.S.C. §§ 3142 and 3145—the statutes that support Wallace's motion. *See, e.g.*, *Jordan,* 2021 U.S. Dist. LEXIS 49677,

4

at *11-12 (holding that "[w]hile the enormity and seriousness of the hardships COVID-19 has imposed on Hughes and his family are undoubtedly severe, they do not give leave to this Court to justify his release under § 3142.").

Moreover, Wallace has not identified any particularized concerns regarding COVID-19, such as an underlying health concern which makes him particularly vulnerable to serious injury or death. As the Government notes, Wallace's concerns are generally applicable to all detainees. To find generalized apprehension regarding COVID-19 a ground for release, is to invite all detainees to request and obtain that relief. *See United States v. Jones*, No. 1:19-CR-136-LG-RPM-3, 2020 WL 5437739 (S.D. Miss. Sept. 10, 2020); *see also United States v. Munguia*, No. 3:19-CR191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020) (denying reopening of issue of detention where the defendant's argument would be an argument for releasing all detainees); *see also United States v. Ayala-Calderon*, No. 4:19-CR-276-ALM-KPJ, 2020 WL 1812587, at *2 (E.D. Tex. Apr. 8, 2020) (finding that general concerns about COVID-19 apply to every prisoner). Here, the record and the law support detaining Wallace pending trial.

**IV.    Conclusion**

Wallace's motion to revoke or amend the Magistrate's Judge's detention order is DENIED.

**SO ORDERED**, this the 12th day of October, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE