IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

*Plaintiff,*

v.

CAUSE No. 3:21-CR-47-CWR-LGI

**ANTONIO DERON WALLACE,**

*Defendant.*

### ORDER

Before the Court are the Government's *Motion in Limine*, the Defendant's response in opposition, and the Government's reply. *See* Docket Nos. 48, 50, and 52. Upon review, the motion will be denied.

**I.    Factual and Procedural History**

On May 11, 2021, a federal grand jury returned an indictment against Defendant Antonio Deron Wallace on two counts: 1) enticement of a minor in violation of 18 U.S.C. § 2422(b); and 2) sexual abuse of a minor or ward in violation of 18 U.S.C. § 2243(a). The matter is scheduled for trial on March 28, 2023. Docket No. 3.

At trial, the Government intends to offer into evidence Wallace's Facebook user account information and Messenger "chats." Docket No. 48. Those records include "selfies of Wallace's face along with childhood photographs of Wallace and [the minor]," commentary in those same photographs, "explicit details of Wallace's sexual encounters" with the minor, and "comments about his work schedule at the Pearl River Resort." *Id.* at

4. As part of its discovery obligations, the Government has provided Wallace copies of the Facebook records "along with copies of Certificates of Authenticity in compliance with F.R.E. 902(11)." *Id*. at 1.

The Government now seeks a pretrial ruling admitting the Facebook records under Federal Rule of Evidence 803(6) - the business records exception to the hearsay rule. In response, Wallace concedes that the Government has met its burden to prove that the Facebook records are authentic under Rule 902(11) but contends that the records should not be admitted under Rule 803(6) because they contain double hearsay. Docket No. 50 at 2-3.

## II.     Legal Standard

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (internal citations omitted).

Motions *in limine* are also proper where, as here, the proponent of evidence seeks a pretrial ruling that certain evidence is admissible.

## III.    Discussion

Federal Rule of Evidence 803(6) provides that a record of an act, event, condition, opinion, or diagnosis is not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness if:

> a) the record was made at or near the time by – or from information transmitted by – someone with knowledge; b) the record was kept *in the*

>   *course of a regularly conducted activity of a business*, organization, occupation, or calling, whether or not for profit; c) making the record was a regular practice of that activity; d) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and e) the opponent does not show that the source of information or the method of circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6) (emphasis added). In other words, the exception applies only when the person making the statement is "himself acting in the regular course of business." *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 279 (5th Cir. 1991) (citation omitted).

Double hearsay in the context of a business records, however, exists "when the record is prepared by an employee with information supplied by another person." *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991). Double hearsay is excused by Rule 803(6) "if both the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business." *Id.* (citation omitted). "[I]f the source of the information is an outsider," then "Rule 803(6) does not, by itself permit the admission of the business record." *Id*. An "outsider's statement must fall within another hearsay exception to be admissible." *Id*.

The Court finds *Mary Kay, Inc. v. Weber* instructive. 601 F. Supp. 2d 839, 850 (N.D. Tex. 2009). In that case, the plaintiff sought to introduce several emails sent by customers complaining of used, damaged, or expired products. *Id.* Those emails were "out-of-court statements offered for the truth of the matter asserted – the matter asserted being . . . that the products were old, damaged, or expired." *Id*. Recognizing that the emails were hearsay, the plaintiff sought to admit them as business records under Rule 803(6). *Id*.

Even though there was a declaration describing the emails as business records, the court determined that they did not satisfy the requirements of Rule 803(6). *Id*. It noted that although "the recipient of these emails[] may have had the habit of meticulously recording all customer complaints, that fact does not qualify the emails as records of regularly conducted activity." *Id*. To admit the emails under the business records exception, "the *authors* of the emails . . . must have been acting in the course of a regularly conducted business activity when they made their complaints." *Id*. (emphasis added); *see also Williams v. Remington Arms Company, Inc.*, No. 3:08-CV-776-G, 2008 WL 222496 at *9-10 (N.D. Tex. Jan. 28, 2008) (highlighting that complaints not made by persons acting in the course of a regularly conducted business activity are hearsay and do not satisfy Rule 803(6)).

Like in *Mary Kay*, the Court finds the business records exception to the hearsay rule inapplicable here. Wallace, in making the Facebook posts, was not acting in the regular course of business; he is simply a user utilizing Facebook's services. Because the government fails to point to any other hearsay exception justifying admission of the Facebook records, or respond to the Defendant's cited authorities, the Court concludes that they are inadmissible pursuant to Rule 803(6).

IV. **Conclusion**

For the foregoing reasons, the *Motion in Limine* is denied.

**SO ORDERED**, this the 17th day of March, 2023.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

4