IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

*Plaintiff,*

v.

**ANTONIO DERON WALLACE,**

*Defendant.*

Cause No. 3:21-CR-47-CWR-LGI

## ORDER

Before the Court are the Government's *Motion in Limine* and the Defendant's response in opposition. Docket Nos. 54 and 55. Upon review, the motion will be denied without prejudice.

**I.    Facts and Procedural History**

On May 11, 2021, a federal grand jury returned an indictment against Defendant Antonio Deron Wallace on two counts: 1) enticement of a minor in violation of 18 U.S.C. § 2422(b); and 2) sexual abuse of a minor or ward in violation of 18 U.S.C. § 2243(a). The matter is scheduled for trial on July 5, 2023.

At trial, the Government intends to offer into evidence Wallace's Facebook user account information and Messenger "chats." Docket No. 54. Those records include "selfies of Wallace's face along with childhood photographs of Wallace" and [the minor victim], commentary in those same photographs, "explicit details of Wallace's sexual

encounters" with the minor, and "comments about his work schedule at the Pearl River Resort." *Id*. at 2-3. As part of its discovery obligations, the Government has provided Wallace copies of the Facebook records along with copies of Certificates of Authenticity in compliance with F.R.E. 902(11). Docket No. 54.

The Government now seeks a pretrial ruling admitting the Facebook records under Federal Rule of Evidence 801(d)(2)(A) – the statement by a party opponent exception to the hearsay rule. Docket No. 54. While Wallace previously conceded that the Government met its burden to prove that the Facebook records are authentic under Rule 902(11), *see* Docket No. 50 at 2; in this round of briefing, he contends that the Court should wait until trial to determine relevancy. Docket No. 55 at 2. Specifically, Wallace argues that the "Facebook evidence at issue hinges on whether the prosecution has proven that Mr. Wallace actually made the Facebook postings." *Id*. Proof at trial "that someone else made the Facebook postings on Mr. Wallace's Facebook account," Wallace argues, would render the evidence irrelevant and inadmissible. *Id*.

II.  **Legal Standard**

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (internal citations omitted). Motions *in limine* are also proper where, as here, the proponent of evidence seeks a pretrial ruling that certain evidence is admissible.

**III.     Discussion**

Evidentiary rulings addressing broad classes of evidence "should often be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in proper context." *Rivera v. Salazar*, C-04-552, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008). Although the Court recognizes that the Facebook postings may be admissible under Rule 801(d)(2)(A), the Court cannot determine their relevancy without additional context. Accordingly, this evidentiary issue will be more appropriately resolved at trial upon objection by the Defendant.

**IV.     Conclusion**

For the foregoing reasons, the *Motion in Limine* is denied without prejudice.

**SO ORDERED**, this the 19th day of April, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
